UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

ROY KNIGHT, )
 )
   Petitioner, )
 ) Civil Action No. 12-CV-54-HRW
 )
v. )
 )
MICHAEL SEPANAK, Warden, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
   Respondent. )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

    Roy Knight is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Knight has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his underlying conviction and sentence. [D. E. No. 1] Knight has paid the $5.00 filing fee.

    The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relied." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Knight's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true,

and his legal claims are construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Knight can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On May 8, 2003, a federal grand jury in Virginia indicted Knight for conspiracy to distribute cocaine base, commonly known as "crack", in violation of 21 U.S.C. § 846, and distribution and possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *United States v. Knight*, No. 3:03-cr-00163-JTS-1 (E.D. Va. 2003). The government subsequently filed a notice pursuant to 21 U.S.C. § 851(a), stating its intention to seek sentencing enhancement due to Knight's prior felony drug conviction. In May 2003, Knight pled guilty to conspiracy to cocaine base, or "crack" cocaine, while the charge for possession with intent to distribute was dismissed. On September 16, 2003, Knight was sentenced to a 288-month prison term and a 10-year term of supervised release. Knight did not appeal.

In October 2004, Knight filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his guilty plea violated Federal Rule of Criminal Procedure 11; that he received ineffective assistance of counsel; and that he was entitled to relief pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). In May 2005 the sentencing court denied the § 2255 motion, and Knight appealed. The Fourth Circuit Court of Appeals dismissed Knight's appeal for lack of jurisdiction in August 2006, and two months later,

denied him a certificate of appealability. In December 2008, Knight moved for a modification of his sentence pursuant to 18 U.S.C. § 3582(c), but the sentencing court denied his motion. Knight appealed, but the Fourth Circuit affirmed.

In his § 2241 petition, Knight argues that he is entitled either to a new trial or to resentencing in light of the Supreme Court's decision in *DePierre v. United States*, 131 S.Ct. 2225 (2011). Knight acknowledges that he pled guilty to and was sentenced for conspiracy to distribute 50 grams or more of a mixture and substance which contained a detectable amount of cocaine base, or "crack" cocaine, but contends that because of the *DePierre* decision, he was charged with and convicted of a nonexistent drug offense. Knight argues that after *Depierre*, the indictment under which he was charged violated the Fifth Amendment's due process clause because it failed to specify the type of cocaine case that he conspired to distribute.

In *DePierre*, the Supreme Court held that "cocaine base" as used in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form. *DePierre*, 131 S. Ct. at 2231-32. Knight contends that *DePierre* is retroactively applicable to cases on collateral appeal, and that he is entitled to proceed with his Section 2241 petition because he has previously filed a motion to vacate under Section 2255, rendering his remedy under 28 U.S.C. § 2255 inadequate and ineffective to test the legality of his conviction and detention.

## DISCUSSION

Knight is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his conviction and sentence are unconstitutional because at sentencing, he was sentenced for having conspired to distribute "crack" cocaine, but the indictment does not charge such an offense, only charging a conspiracy to distribute "cocaine." Knight contends that since *DePierre* recognizes the different chemical composition between cocaine hydrochloride (the typical powder cocaine) and cocaine base ("crack cocaine"), his sentence is unconstitutionally excessive and should be reduced.

However, Section 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate

4

the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Knight's claim under *DePierre* does not fall within this exception. Unlike a case such as *Bailey v. United States*, 516 U.S. 137 (1995), which by statutory interpretation *narrowed* the scope of conduct proscribed by the statute of conviction, the Supreme Court in *DePierre* expressly refused to limit the scope of Section 841(b)(1) to "crack" cocaine, instead reaffirming its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus, unlike *Bailey*, the *DePierre* decision did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105 F. App'x at 15. Because "the *DePierre* decision did not de-criminalize the conduct for which he was convicted [a petitioner cannot] satisf[y] the requirements of § 2255's savings clause." *Biggins v. Haynes*, No. CV212-024, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012).

Further, *DePierre* is not retroactively applicable to cases on collateral review. *Hughes v. United States*, 3:08-CR-106-S, 2012 WL 3947606 at *1 (W.D. Ky. Sept. 10, 2012); *United States v. Crump*, No. 7:06-CR-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012). The two federal appellate courts that have addressed this issue both held that claims predicated upon *DePierre* are not cognizable in habeas petitions filed under Section 2241 for each of these reasons. *Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012) ("*DePierre* did not decriminalize [petitioner]'s criminal conduct and has not been held to be retroactively applicable."); *Fields v. Warden, FCC Coleman-USP 1*, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012) ("[Petitioner] has not shown that DePierre [] [is] retroactive . . . ."); *see also Wallace v. United States*, Nos. 4:12-CV-388-A, 4:07-CR-039-A, 2012 WL 2161268, at *3 (N.D. Tex. June 14, 2012) ("*DePierre* has not been recognized [as] or declared a retroactively applicable Supreme Court decision. It only clarified existing law.").

While Knight may not proceed with the present petition because he can not establish that his remedy under Section 2255 was either inadequate or ineffective to challenge his detention, he is not without a potential avenue of relief, albeit not from this Court. Pursuant to 28 U.S.C. § 2244(2)(A), Knight may seek permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion in the sentencing court for the purpose of allowing the sentencing court to consider his *Depierre* claim.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Roy Knight's petition for a writ of habeas corpus [D. E. No. 1] is **OVERRULED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This January 28, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge